# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: FINANCIAL RECOVERY SERVICES, INC., FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) LITIGATION**                    MDL No. 2638

## ORDER DENYING TRANSFER

**Before the Panel**: Defendant Financial Recovery Services, Inc. (FRS) moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Minnesota or, alternatively, the Northern District of Illinois or the Eastern District of New York. This litigation currently consists of four actions pending in two districts, as listed on Schedule A.[1] The Panel has been notified of one related action pending in the Eastern District of New York. Each action alleges that (1) FRS sent plaintiffs and other consumers debt collection letters that revealed an agency account number through the window of the envelope; and (2) the presence of such information on the face of the envelope reveals information other than the consumer's name and address, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f(8).

Plaintiffs in all actions on the motion support centralization, but request the District of New Jersey as their first choice for the transferee district and, alternatively, the Eastern District of New York or Northern District of Illinois. Defendants Cavalry SPV I, LLC, and Cavalry Portfolio Services, LLC (collectively, Cavalry), which are named solely in the Northern District of Illinois action (*Adkins*), oppose centralization. Alternatively, they request exclusion of *Adkins* or centralization in the Northern District of Illinois.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. The actions clearly involve common factual issues arising from plaintiffs' allegations that FRS has a standardized practice of sending consumers debt collection letters that revealed an agency account number through the window of the envelope and that the presence of such information on the envelope violates the FDCPA. But there are only five actions at issue (including the related action), four of which already are in the same district. The common defendant, FRS, is represented by the same counsel in all actions, and only three plaintiffs' firms are involved in this litigation.

Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec.*

---

[1] Defendant's motion for centralization originally encompassed six actions, but two actions were voluntarily dismissed in May 2015.

-2-

*Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Defendant FRS has not met that burden here.  The factual questions, which concern the information visible on the face of an envelope, are not sufficiently complex or numerous to warrant the creation of an MDL.  *See In re: Convergent Outsourcing, Inc., Fair Debt Collection Practices Act (FDCPA) Litig.* – F. Supp. 2d —, 2015 WL 506393 (J.P.M.L. Feb. 5, 2015) (denying centralization of six FDCPA actions alleging a dunning letter failed to include certain information, noting that they were "not sufficiently complex to warrant the creation of an MDL").  No party disputes Cavalry's contention that this issue is likely to require minimal discovery.  Additionally, *Adkins*, the sole action pending outside of the Eastern District of New York, involves factual questions concerning the Cavalry defendants' contractual relationship with FRS, which are not present in any other action, and involves a non-overlapping putative Illinois class of consumers.  Centralization of those case-specific issues with the New York actions would not promote the efficient conduct of this litigation.

As there are only four actions on the motion and a limited number of counsel, informal cooperation among counsel and coordination among the involved courts are, in our judgment, preferable to formal centralization.  All actions are at an early stage of litigation, which will further facilitate informal coordination.  Notices of deposition can be filed in all related actions; the parties can stipulate that, where appropriate, discovery taken in one action can be used in all actions; or the involved courts may direct the parties to coordinate their pretrial activities.  *See In re: Crest Sensitivity Treatment & Protection Toothpaste Mktg. and Sales Practices Litig.*, 867 F. Supp. 2d 1348 (J.P.M.L. 2012).  Thus, we encourage the parties to employ available alternatives to transfer to minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

**IN RE: FINANCIAL RECOVERY SERVICES, INC., FAIR DEBT
COLLECTION PRACTICES ACT (FDCPA) LITIGATION**     MDL No. 2638

## SCHEDULE A

Northern District of Illinois

ADKINS v. FINANCIAL RECOVERY SERVICES, INC., ET AL., C.A. No. 1:15-00887

Eastern District of New York

WEGH v. FINANCIAL RECOVERY SERVICES, INC., C.A. No. 1:14-07000
HOLCZLER, ET AL. v. FINANCIAL RECOVERY SERVICES, INC.,
      C.A. No. 1:15-00299
GROSS v. FINANCIAL RECOVERY SERVICES, INC., C.A. No. 1:15-00646